**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**PLUG POWER,**

          **Plaintiff,**

  **vs.**                **1:26-CV-1277**
                     **(MAD/PJE)**

**MAZDAK SHOKRIAN,**

          **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **DLA PIPER LLP US** | **MALLORY T. BIBLO, ESQ.** |
| 1900 N. Pearl Street, Suite 2200 | **GARRETT D. KENNEDY, ESQ.** |
| Dallas, Texas 75201 | |
| Attorneys for Plaintiff | |
| | |
| **ROSENBERG & ASSOCIATES** | **GREGG ROSENBERG, ESQ.** |
| 3518 Travis | |
| Suite 200 | |
| Houston, Texas 77002 | |
| Attorney for Defendant | |

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Plug Power, Inc. ("Plaintiff" or "Plug Power") has brought this action against a former employee, Defendant Mazdak Shokrian, alleging a breach of his non-compete agreement. ("Defendant"). *See* Dkt. No. 2. On July 24, 2026, the Court granted Plug Power's motion for a preliminary injunction which sought to enjoin Defendant from engaging in competitive conduct. *See* Dkt. No. 24. The background of the case, as well as the law applicable to Plug Power's claims, was thoroughly discussed in the Court's July decision and are incorporated by reference.

Defendant filed a notice of appeal from the Court's decision on July 27, 2026.  *See* Dkt. No. 25.  Defendant now moves this Court for a stay of its injunction pending appeal and asks the Court to require a bond from Plaintiff.  *See* Dkt. No. 27.  Plug Power responded in opposition. *See* Dkt. No. 33.  Defendant replied in further support of his motion.  *See* Dkt. No. 34.  For the following reasons, the motion is denied.

In deciding whether to enter a stay pending appeal, the Court must consider four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Mahdawi v. Trump*, 136 F.4th 443, 449 (2d Cir. 2025) (citation omitted). "'As the standard makes clear, a grant of injunctive relief pending appeal does not depend solely or even primarily on a consideration of the merits.'"  *Nation v. Tanner*, 108 F. Supp. 3d 29, 34 (N.D.N.Y. 2015) (quoting *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994)).  "Indeed, 'the degree to which [any one] factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other.'"  *Id.* (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)) (additional citation and quotation marks omitted).  "Accordingly, 'the factors are viewed on a sliding scale, and [t]he necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors.'"  *Id.* (quoting *Seneca Nation v. Paterson*, No. 10-CV-687, 2010 WL 4027795, *1 (W.D.N.Y. Oct. 14, 2010)).

Moreover, "when clarifying injunctions while an appeal is pending, district courts must ensure that any clarifications are 'consistent with the spirit' of the original injunction such that they do not materially alter the status of the case on appeal."  *Flatiron Health, Inc. v. Carson*, 602

F. Supp. 3d 482, 486 (S.D.N.Y. 2020) (quoting *United States v. Spectrum Brands, Inc.*, No. 15-CV-371, 2018 WL 502736, *1, *3 (W.D. Wis. Jan 19, 2018)).  "The movant bears a heavy burden when seeking a stay of a preliminary injunction because the stay factors 'overlap[ ] substantially' with the factors considered before issuing a preliminary injunction." *Wheel Pros, LLC v. ASR Motorsport, LLC*, No. 2:25-CV-929, 2026 WL 180313, *5 (E.D.N.Y. Jan. 23, 2026) (quoting *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2d Cir. 2010)).  "Thus, absent any new facts or developments, a request to stay a preliminary injunction 'will almost always be logically inconsistent with a prior finding of irreparable harm that is imminent as required to sustain the same preliminary injunction.'" *Id.* (quoting *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999)).

Defendants argues that "[w]ithout a stay in place, Shokrian will be prevented from working to support himself and his family during the course of the interlocutory appeal.  It is unduly burdensome to prevent him from using his talent and skills to work in his chosen field for the duration of the Preliminary Injunction." Dkt. No. 27-1 at 6.  He states that "the Preliminary Injunction as written is far too broad to protect [Plug Power's legitimate business] interests." *Id.* at 7.  Defendant asks that the Court impose a $125,000 bond on because "the injunction prevents Shokrian from working in his chosen field." *Id.* at 8.

The problem with these arguments is the same as the problem that existed at the preliminary injunction stage: Defendant does not define his "field," nor explain how the non-compete clause could be narrowed to allow him to maintain employment in that "field." Defendant has not stated what college or higher education degree(s) he holds beyond engineering, and he does not contest that he could engage with companies who deal with other energy sources.

3

For example, Defendant has not explained why he could not work in areas such as solar energy, wind energy, natural gas, carbon dioxide, etc.

For the first time in his motion for a stay, Defendant argues that "the restrictions in the Preliminary Injunction are not reasonable because they do not contain any geographic limitation." Dkt. No. 27-1 at 5. In his opposition to Plaintiff's motion for a preliminary injunction, Defendant argued that Plaintiff's response time to Defendant's attorney's letter in April of 2026 was "unreasonable." Dkt. No. 14 at 17. In the section titled "Valid & Enforceable Agreement," Defendant argued that his termination was not for cause and "the Agreement in question is unenforceable because it is not reasonable and necessary to protect valid business interests." *Id.* at 9; *see also* Dkt. No. 19 at 12-14. The only time geographic location was raised was in relation to Defendant's venue arguments. *See* Dkt. No. 14 at 22. Plaintiff correctly explains that where a party "point[s] to nothing in the district court record demonstrating that they advanced any challenge to [an issue] in support of its motion for a preliminary injunction, they have forfeited th[e] argument." *Gov't Emps. Ins. Co. v. Patel*, 166 F.4th 280, 295-96 (2d Cir. 2026) (citing *Katel Ltd. Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010) ("An argument raised for the first time on appeal is typically forfeited")); *see also* Dkt. No. 33 at 11. Defendant never raised an issue regarding the lack of a geographic limitation in his non-compete agreement and the Court declines to consider that argument for the first time, now.

In his reply in further support of his motion for a stay, Defendant also addresses for the first time a proposed modification to the injunction. *See* Dkt. No. 34 at 4. Defendant asks the Court to either stay the preliminary injunction "or alternatively modify it to preclude only the use of Plug's confidential and proprietary information and prohibition of the solicitation of its employees." Dkt. No. 34 at 4. Defendant argues that because "there was no evidence that" he

4

had already shared Plug Power's confidential or proprietary information with ACD or that such disclosure was imminent, "[p]rotecting Plug's legitimate goodwill expectations through injunctive relief could have been done less intrusively . . . ." *Id.* at 3.  First, Defendant did not raise this in his opposition to the request for a preliminary injunction or his motion for a stay.  *See* Dkt. Nos. 19, 27.  "Arguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).  Second, Defendant provides no legal basis for why the proposed limitation is appropriate.  *See* Dkt. No. 34 at 3-4.  Third, Defendant's argument appears to be another way of arguing that the Court should not have prohibited Defendant from working for ACD because his role was not competitive with Plug Power.  However, for the reasons stated in the Court's July decision and this decision, the Court disagrees on a preliminary basis.

Indeed, courts have denied stays pending appeal in circumstances similar to those presented to this Court—where an employee voluntarily contracted into a non-compete agreement that was valid and enforceable.  *See., e.g.*, *Gen. Mills, Inc. v. Champion Petfoods USA, Inc.*, No. 20-CV-181, 2020 WL 915824, \*9 (S.D.N.Y. Feb. 26, 2020) (denying stay pending appeal because the "[p]laintiff was 'free to accept employment in a non-competitive industry,' . . . courts regularly enforce such obligations when freely entered into and when limited to a single year" and "numerous courts, both in New York and Delaware, have found irreparable harm where a senior executive with proprietary knowledge of a company's inner workings violates a non-compete agreement") (collected cases) (footnote omitted); *Wheel Pros, LLC v. ASR Motorsport, LLC*, No. 2:25-CV-929, 2026 WL 180313, at \*37 (E.D.N.Y. Jan. 23, 2026) ("I recognize now, as I did when issuing the PI Order, that during the pendency of this action, Lanzello may face some hardship from being required to abide by his non-compete agreement with Wheel Pros and ASR Motorsport may face some hardship from being required to assign another individual to perform

Lanzello's functions.  However, Lanzello exercised his right to freedom of contract and freely entered into the agreement with Wheel Pros that he would not compete with Wheel Pros during his employment with the company and for five years following any separation"); *IDG USA, LLC v. Schupp*, No. 10-CV-76S, 2010 WL 3749068, *2 (W.D.N.Y. Sept. 20, 2010) (denying the request for a stay because the employee had not "attempted to substantiate in any way his conclusory statement that the preliminary injunction, which is limited in scope as to geography and industry, deprives him of all prospects for work in sales").

As Plaintiff states in its response, Defendant "presents no new evidence, no new legal authority, and no basis for this Court to reconsider its [] decision." Dkt. No. 33 at 5.  Finding no reason to reconsider the injunction, and for all of the reasons stated in the July decision regarding the factors applicable to requests for injunctive relief, Defendant's request for a stay is denied.

As to the issue of a bond, Defendant cites Federal Rule of Appellate Procedure 8(a)(1)(B). *See* Dkt. No. 27-1 at 7.  That Rule states that "[a] party must ordinarily move first in the district court for . . . approval of a bond or other security provided to obtain a stay of judgment[.]"  FED. R. APP. P. 8(a)(1)(B).  Another term for this sort of relief is "a *supersedeas* bond . . . .'"  *Carolina Shipping Ltd. v. Renaissance Ins. Grp. Ltd.*, No. 08-CV-4711, 2009 WL 256001, *1 (S.D.N.Y. Feb. 3, 2009) (citation omitted).  "Under Rule 62(c), 'a *supersedeas* bond provides compensation for those injuries which can be said to be the natural and proximate result of the stay.'"  *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, No. 07-CV-4761, 2008 WL 2009370, *2 (S.D.N.Y. May 6, 2008) (quoting *Moore v. Townsend*, 577 F.2d 424, 427 (7th Cir. 1978) (additional citation and quotation marks omitted).  "Federal Rule of Civil Procedure 62(c) provides that a court 'may suspend, modify, restore, or grant an injunction on terms for bond or other terms that *secure the opposing party's rights*' during an appeal from a 'final judgment that grants, dissolves, or denies

6

an injunction.'"  *Nation v. Tanne*r, 108 F. Supp. 3d 29, 34 (N.D.N.Y. 2015) (quoting FED. R. CIV. P. 62(c)) (emphasis added).

As Plaintiff points out in its response, it does not appear that Defendant actually wants a *supersedeas* bond because he is not seeking to secure a specific right.  *See* FED. R. CIV. P. 62(d). Rather, pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  FED. R. CIV. P. 65(c).  "Rule 65(c)'s bond requirement . . . assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff."  *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011).  "Rule 65(c) 'has been read to vest broad discretion in the district court to determine the appropriate amount of an injunction bond,' . . . 'including the discretion to require no bond at all[.]'"  *New York v. Admin. for Child. & Fams.*, No. 26-CV-172, 2026 WL 673848, *27 (S.D.N.Y. Mar. 10, 2026) (quoting *DSE, Inc. v. United States*, 169 F.3d 21, 33 (D.C. Cir. 1999); *P.J.E.S. ex rel. Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492, 520 (D.D.C. 2020)).

Defendant never requested a bond prior to the filing of his motion for a stay.  He concedes as such in his reply.  *See* Dkt. No. 34 at 4.  "[W]here the party opposing an injunction does not request security, the district court does not err in failing to order it."  *Vans, Inc. v. MSCHF Prod. Studio, Inc.*, 88 F.4th 125, 143 (2d Cir. 2023) (citing *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 632 (2d Cir. 1976)); c*f. Tecspec LLC v. Donnolo*, No. 25-CV-1676-, 2026 WL 1361842, *6 (2d Cir. May 15, 2026) (summary order) (remanding a case where the "[d]efendants specifically requested that 'if any injunctive relief is awarded to [the p]laintiffs that a bond be issued in an

7

appropriate amount.'  The district court issued the preliminary injunction against Michael Donnolo without addressing this request, and the failure to do so was error").

"'The purpose of requiring security prior to issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained.'" *Interlink Int'l Fin. Servs., Inc. v. Block*, 145 F. Supp. 2d 312, 314 (S.D.N.Y. 2001) (quoting 13 *Moore's Federal Practice* (3d. ed. 1997)).  "A district court may dispense with the posting of security entirely where parties sought to be enjoined or restrained 'have not shown that they will likely suffer harm absent the posting of a bond[.]'" *Interlink Int'l Fin. Servs., Inc. v. Block*, 145 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (quoting *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)).

Defendant did not request a bond in opposing Plaintiff's request for injunctive  relief.  Although he now requests a bond, he has not established that he will suffer harm absent the posting of a bond.  *See* Dkt. Nos. 27, 34.  Defendant states that "[t]he effect on the issuance of the injunction has been devastating to Shokrian and his family."  Dkt. No. 34 at 4.  The Court does not doubt that Defendant's resignation has generally placed a strain on him and his family, but he continues to ignore the question of whether he can obtain any other job in engineering.  Because Defendant failed to request the bond before the Court issued the preliminary injunction, and he has not provided any information beyond statements made in his memoranda of law that he will be harmed without one, the request to impose a bond is denied.

**ORDERS** that Defendant's motion to stay the injunction pending appeal and for imposition of a bond (Dkt. No. 27) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on all parties in accordance with the Local Rules

**IT IS SO ORDERED.**

Dated: August 11, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge